```
       IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF OKLAHOMA

JENNIFER LYNN CORGILL,            )
                                  )
            Plaintiff,            )
                                  )
v.                                )  Case No. CIV-23-033-JAR
                                  )
COMMISSIONER OF THE SOCIAL        )
SECURITY ADMINISTRATION,          )
                                  )
            Defendant.            )
```

**OPINION AND ORDER**

Plaintiff Jennifer Lynn Corgill (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is ordered that the Commissioner's decision be **REVERSED** and the case **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 63 years old at the time of the ALJ's decision. Claimant obtained her GED and completed some vocational education. Claimant has worked in the past as a nurse assistant and teacher aide.  Claimant alleges an inability to work beginning March 3,

3

2020 due to limitations resulting from rheumatoid arthritis, osteoarthritis, neck pain, fibromyalgia, Ehlers Danlos Syndrome, anxiety, depression, carpal tunnel and irritable bowel syndrome.

### Procedural History

On February 27, 2020, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On May 23, 2022, Administrative Law Judge ("ALJ") Susanne M. Chichanowicz conducted an administrative hearing by telephone due to the extraordinary circumstances posed by the COVID-19 pandemic.  On August 31, 2022, the ALJ issued an unfavorable decision.  On November 23, 2022, the Appeals Council denied review.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation.  She determined that, while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform her past relevant work.

4

**Error Alleged for Review**

Claimant asserts the ALJ erred in (1) failing to properly evaluate the medical opinion evidence; and (2) failing to obtain sufficient information concerning the mental demands of Claimant's past relevant work.

**Evaluation of Opinion Evidence**

In her decision, the ALJ determined Claimant suffered from the severe impairments of fibromyalgia syndrome, osteoarthritis, rheumatoid arthritis, depressive disorder, and anxiety disorder. (Tr. 21).  The ALJ found none of Claimant's conditions met a listing.  (Tr. 38-39).  As a result of the limitations caused by her severe impairments, Claimant was found to retain the residual functional capacity to perform light work.  In so doing, the ALJ found Claimant could frequently lift, carry, push, and/or pull ten pounds and occasionally up to 20 pounds; sit six hours out of an eight-hour workday; stand and/or walk six hours out of an eight-hour workday; occasionally climb ladders, ropes, or scaffolds; frequently climb ramps or stirs, balance, stoop, kneel, crouch, and crawl.  Claimant can understand, remember, and carry out detailed, but not complex instructions.  (Tr. 43).

After consultation with a vocational expert, the ALJ

determined Claimant could perform her past relevant work as a teacher's aide. (Tr. 57). Because of this finding, the ALJ concluded that Claimant had not been under a disability from March 3, 2020 (her amended onset date) through the date of the decision. (Tr. 58).

Claimant first contends the ALJ failed to properly evaluate the medical opinions of Dr. Theresa Horton, a licensed psychologist and Dr. Jennifer Guerrero. Dr. Horton concluded upon examination of Claimant that

> Jennifer appears to understand most complex concepts, but manages best those tasks that are simple and perhaps somewhat more complex yet routine. She no longer appears to adjust well to changes in routine or to the need to learn new tasks which has become difficult. Her pace is below average and has negative impact on her level of productivity. Further, she is experiencing problems with delayed recall which is below average. Concentration appears below average. She likely does not adjust well in wettings that are fast paced and/or densely populated.
>
> (Tr. 672).

The ALJ cites extensively from Dr. Horton's reports and findings in the decision. (Tr. 27-28, 40-42, 51-52, 54). However, after relying upon her findings, the ALJ states

> To the extent aspects of the opinions can be construed as consistent with the residual functional capacity depicted above in Finding

> No. 5, the undersigned finds the opinions partially supported and persuasive. However, to the extent the opinions reflect greater limitation of function, the undersigned finds the opinions inconsistent with the longitudinal record as the record does not reflect the severity found by Dr. Horton, especially considering the limited mental health treatment of record (20 CFR 404.1520c).

(Tr. 54-55).

It is impossible from this conclusion to determine which portions of Dr. Horton's opinions and findings the ALJ found to be supported and, therefore, accepted and which were rejected because of the generalities expressed in the decision. The reference to the "longitudinal record" is both vague and incomplete.

Because Claimant filed her claim after March 27, 2017, the medical opinion evidence in the case is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, he must "articulate" in his decision "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record" by considering a list of factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors include: (i) supportability, (ii) consistency, (iii) relationship

with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. Id. However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. Hamlin v.

8

Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004); *see also* Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability").

Because the analysis of the opinion is unspecific, this Court cannot determine the ALJ's position on the supportability and consistency of Dr. Horton's opinions. On remand, the ALJ shall provide the required analysis and specificity.

Dr. Guerrero's opinion was also rejected by the ALJ, but with a better explanation for that rejection. She concluded after a consultative examination that Claimant could understand, carry out, and remember instructions involving one and two steps. Dr. Guerrero, however, found that Claimant was unable to carry out and remember complex instructions due to depression and a neurocognitive disorder. She also determined Claimant could not sustain concentration and persist in work-related activity, maintain a reasonable pace or maintain effective social interaction on a consistent and independent basis, with

9

supervisors, co-workers, and the public or deal with normal pressure in a competitive work setting due to depression and a neurocognitive disorder. (Tr. 914).

The ALJ found Dr. Guerrero's opinions unsupported and unpersuasive. (Tr. 55). However, the ALJ is quite detailed in finding that the objective testing, daily activities, social interactions, independence, and lack of mental health treatment did not support the cognitive limitations found by Dr. Guerrero. Id.

The ALJ will be required to reanalyze and explain the consistency and supportability of Dr. Horton's opinions. While the ALJ did support her findings with regard to Dr. Guerrero, she should determine whether her reanalysis of Dr. Horton's opinions and their bases has any effect upon Dr. Guerrero's findings.

Claimant also contends the ALJ should have determined the mental requirements of Claimant's past relevant work before concluding Claimant could return to that work. On remand, the ALJ shall examine the mental demands of Claimant's past relevant work as a teacher's aide through the use of a vocational expert and expressly determine whether Claimant's mental limitations allow her to do that work.

10

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** to Defendant for further proceedings consistent with this decision.

IT IS SO ORDERED this 30th day of March, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE