# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

JENNIFER LYNN CORGILL,      )
                               )

          Plaintiff,        )
                               )

v.                          )      Case No. CIV-23-033-JAR
                               )

COMMISSIONER OF THE      )
SOCIAL SECURITY          )
ADMINISTRATION,        )
                               )

          Defendant.     )

## OPINION AND ORDER

This matter comes before this Court on Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Gayle L. Troutman with the firm Troutman and Troutman, the attorney of record for Plaintiff (Docket Entry No. 29). Counsel requests that she be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $15,446.77. Counsel was employed by Plaintiff to appeal the adverse decision rendered by Administrative Law Judge presiding over the request for benefits. To that end, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past due benefits ultimately awarded to Plaintiff. Such contracts are recognized as valid under the prevailing case authority. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Counsel fully briefed Plaintiff's position in this appeal resulting in the reversal and remand of the ALJ's decision by this Court. Consequently, Plaintiff was successful in this appeal. As a result, Plaintiff was awarded attorney's fees in accordance with the Equal Access to Justice Act ("EAJA") for the efforts before this Court in the amount of $7,674.00. On remand, Plaintiff received a fully

favorable decision and past due benefits were awarded in the amount of $67,891.08.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). The Tenth Circuit Court of Appeals determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). Wrenn v. Astrue, 525 F.3d 931, 937-938 (10th Cir. 2008). The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of §406(b).

Defendant generally does not take a position on awarding the amount requested, stating that the Social Security Administration has no financial stake in the result. Despite the fact the source for Counsel's compensation is a contingency fee contract, this Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the result obtained.

This Court has evaluated Counsel's request for its timeliness. In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006).

While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees.  Id.  To that end, any fee request pursued under §406(b) should be filed "within a reasonable time of the Commissioner's decision awarding benefits."  Id. (citation omitted).

In this case, Notice of Award was issued by Defendant on February 11, 2026.  Counsel filed her request for compensation on April 30, 2026.  This Court cannot find the delay which occurred in this case warrants the draconian result of denying an award of fees.  Therefore, the request is considered timely.

IT IS THEREFORE ORDERED that Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Gayle L. Troutman with the firm Troutman and Troutman, the attorney of record for Plaintiff (Docket Entry No. 29) is hereby **GRANTED**.  Plaintiff's counsel is awarded fees in the amount of $15,446.77.  Defendant is directed to pay this fee directly to counsel from the amount of past due benefits withheld for that purpose.  In addition, Plaintiff's counsel shall refund to Plaintiff's estate the smaller amount between any EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff.  Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 12th day of May, 2026.


_____
JASON A. ROBERTSON
United States Magistrate Judge
Eastern District of Oklahoma

3